IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIAN CONNELLY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-1487 (RDA/IDD) |
| | ) |
| VOLKSWAGEN GROUP OF AMERICA, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Rule 72(a) Objections to Magistrate Judge Ivan D. Davis' Order Denying Plaintiffs' Motion to Compel and Motion for an Extension of Discovery ("Objections"). Dkt. 191. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).[1] This matter has been fully briefed and is now ripe for disposition. Considering all the briefs that have been filed in this matter, the Court will OVERRULE Plaintiffs' Objections for the reasons that follow.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs from various states have filed this action on behalf of themselves and others similarly situated against Defendants Volkswagen Group of America, Inc. ("VWGoA") and Audi Aktiengesellschaft ("Audi") (collectively, "Defendants"). Plaintiffs allege damages stemming from a latent defect in the timing chain system embedded in certain Audi and Volkswagen vehicle models manufactured during model years 2011 through 2015. Plaintiffs assert that Defendants

---

[1] Because this Court has dispensed with oral argument, Plaintiffs' Motion for Electronic Device Applications (Dkt. 222) will be denied as moot.

1

were aware of the timing chain defect as early as 2011 and that Defendants intentionally and wrongfully concealed it.

This case was originally assigned to U.S. District Judge Liam O'Grady. After Judge O'Grady granted in part and denied in part VWGoA's motion to dismiss (Dkt. 47) and after the parties engaged in other motions practice, the case was reassigned to this Court, which issued a scheduling order setting a discovery deadline of October 14, 2022. Dkt. 77. Thereafter, the parties jointly moved to amend the discovery schedule, and, on June 14, 2022, Magistrate Judge Davis partially granted the motion. Dkt. 92. Judge Davis extended the close of discovery to March 10, 2023. *Id.* The parties then filed a second motion to amend the discovery order, which Judge Davis also granted. Dkt. 120. Judge Davis then extended the close of discovery from March 10, 2023 to May 19, 2023. *Id.*

On April 13, 2023, the parties filed a third joint motion to extend the discovery deadlines. Dkt. 126 ("Third Joint Motion"). In the memorandum in support of that Third Joint Motion, the parties represented: "All Parties have diligently proceeded with discovery in this matter, including the taking of numerous depositions throughout the country, exchange of multiple sets of written discovery and responses by all parties, a multitude of third-party subpoenas, numerous vehicle inspections that took place in different states, and substantial document productions by all Parties." Dkt. 127. The Third Joint Motion sought an additional 3-month extension of discovery. *Id.* Judge Davis denied the Third Joint Motion for lack of good cause. Dkt. 130. Neither party appealed that decision to this Court.

On May 12, 2023, Plaintiffs filed a motion to compel certain further discovery, including identification of members of the Serienfachgruppe ("SFG"),[2] production of related documents, and

---

[2] Plaintiffs also refer to the SFG as the "Series Specialty Group."

2

further Rule 30(b)(6) depositions. After a hearing, Judge Davis granted in part and denied in part that motion. Dkt. 148. Judge Davis directed Defendants to provide the names of members of the SFG to Plaintiffs by no later than May 24, 2023 and directed Defendants to supplement their discovery responses by searching for requested documents and by producing any such documents by May 30, 2023. *Id.* Judge Davis denied the remaining portion of the motion to compel and also denied without prejudice Plaintiffs' motion for an extension of the discovery deadline. *Id.*

The parties agree that, between May 24, 2023 and June 7, 2023, Defendants identified members of the SFG and made additional productions. On June 16, 2023, Plaintiffs filed an opposed motion for extension of time seeking to extend the discovery to September 29, 2023. Dkts. 150, 157 ("Opposed Extension Motion"). Although Plaintiffs' Opposed Extension Motion did not identify specifically what additional discovery Plaintiffs wished to conduct, Plaintiffs alleged that an extension was necessary "to allow the Plaintiffs to receive the discovery to which they are entitled under the Federal Rules of Civil Procedure" and to ensure that Defendants "actually produce all discovery responsive to Plaintiffs requests." Dkt. 157 at 3-4. The Motion did not explain why an additional three months of discovery is necessary. *Id.* Defendants opposed the Opposed Extension Motion, arguing that any extension to re-open discovery should be limited to the additional discovery produced pursuant to Judge Davis' May 2023 Order and denying Plaintiffs' accusations of gamesmanship. Dkt. 163.

Plaintiffs then waited three weeks to file a Motion to Compel, doing so on July 7, 2023. Dkts. 172, 173. In the Motion to Compel, Plaintiffs sought an Order: (i) directing Audi to search for and produce non-archival versions of Technical Product Information ("TPI") #2038502/1 through TPI #2038502/6; (ii) directing Audi to search for and produce the associated family documents, drafts, and communications related to the creation, editing, and publication of the TPIs;

3

(iii) directing Audi to search for and produce custodial documents for all persons who created the KPM 5686078, members of the SFG committee, the Q-Circle, the FBQZ Team and the advisors to those groups (including 32 identified individuals); (iv) directing Audi to prepare an individual(s) for an unfettered Rule 30(b)(6) deposition; (v) directing VWGoA to produce the versions of TPI #2038502/1 through TPI #2038502/4; (vi) directing VWGoA to produce the associated family documents, drafts, and communications related to the TPIs; (vii) directing VWGoA to produce all drafts, revisions, emails and communications related to Technical Service Bulletin ("TSB") #203995/1 and #203995/2; (viii) directing VWGoA to produce all relevant and responsive documents from Uwe Dingeldey and his successor Juergen Gumbinger; (ix) striking all of Defendants' "boilerplate" objections to Plaintiffs' discovery; (x) modifying the scheduling order; and (xi) removing the confidentiality designations on the discovery filings. Dkt. 172. Defendants opposed the Motion to Compel, arguing that Plaintiffs were seeking to reconduct the entire discovery process and that Defendants have complied with the requirements of discovery. Dkt. 177.

On July 21, 2023, Judge Davis held a hearing on Plaintiffs' motions. *See* Dkt. 181 (Minute Entry); Dkt. 183 (Transcript). During the hearing, Judge Davis emphasized the untimeliness of the Motion to Compel, which came 49 days after the close of discovery. Dkt. 183 at 12:24-16:19. Judge Davis also put questions to Plaintiffs' counsel pertaining to which particular document requests Defendants had failed to produce documents. Plaintiffs' counsel could not definitively answer. *Id.* at 17:17-17:2. Judge Davis also asked questions of Plaintiffs' counsel regarding what elements of Plaintiffs' claims the requested documents pertained and how those documents made any element more likely than not; Plaintiffs' counsel again struggled to answer the question. *Id.* at 20:6-22:7; *id.* at 24:1-21. Judge Davis then questioned Defendants' counsel regarding the

productions Defendants had made. *Id.* at 26:21-28:7. Defense counsel represented that Defendants had completed their discovery, other than discovery from Audi Hungary over which Defendants did not have possession, custody, or control. *Id.* at 28:11-29:6. Judge Davis ordered Defendants to produce the documents by Wednesday, August 2, 2023. *Id.* at 29:7. The parties then discussed the anticipated additional Rule 30(b)(6) depositions that Defendants had agreed to produce. Judge Davis held that any additional depositions and discovery based upon the documents produced must be completed within ten days. *Id.* at 34:14-22. After further discussion, Judge Davis extended that deadline to fourteen days. *Id.* at 35:3. There was also a brief discussion about whether German citizens could be deposed. *Id.* at 35-36. At the conclusion of the hearing, Judge Davis then asked whether there was anything further to address with respect to either motion, and the parties did not indicate that there was anything left to discuss. *Id.* at 38:5-10.

Following the hearing, Judge Davis entered an Order granting in part and denying in part both motions. Dkt. 182. Judge Davis: (i) extended expert discovery until September 5, 2023; (ii) directed Defendants to supplement their discovery by July 26, 2023; and (iii) permitted additional discovery until August 9, 2023 but limited it to discovery concerning documents produced from May 19, 2023 through July 26, 2023. *Id.*

On August 4, 2023, Plaintiffs filed their Objections to Judge Davis' Order. Dkt. 191. Plaintiffs make three arguments: (i) Judge Davis erred in failing to compel VWGoA to produce TPIs and associated documents; (ii) Judge Davis erred in failing to compel Audi to produce non-archival TPIs and associated documents from 32 custodians; and (iii) Judge Davis erred in failing to modify the discovery deadline to allow Plaintiffs sufficient time to depose individuals whose importance was identified after the close of discovery. *Id.* Defendants oppose the Objections (Dkt. 220) and Plaintiffs filed a reply in support of their Objections (Dkt. 228, 229).

II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(a), a non-dispositive ruling of a Magistrate Judge may only be reversed where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). As district courts have sensibly recognized, "altering a magistrate judge's non-dispositive orders is extremely difficult to justify." *CertusView Techs., LLC v. S&N Locating Servs., LLC*, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015). A magistrate judge's "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Philpott v. Va. Dep't of Transp.*, 2022 WL 3359361, at *1 (W.D. Va. Aug. 15, 2022). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes . . . should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

III. ANALYSIS

The parties in this case have already sought and obtained several extensions of the discovery period in this case. As is clear from the transcript of Judge Davis' hearing, the time has come for discovery to come to an end. Moreover, Plaintiffs' untimely Motion to Compel does not support extending the discovery period beyond the time periods set by Judge Davis. Plaintiffs' Objections, which spend a bare two pages on their argument, are conclusory and unsupported. Because Plaintiffs have failed to show that Judge Davis' Order is clearly erroneous or contrary to law or that additional discovery is warranted, Plaintiffs' Objections will be overruled.

A. The Motion to Compel is Untimely

As Judge Davis suggested at the July 21, 2023 hearing on these matters, the Motion to Compel is untimely. Dkt. 183 at 12:24-16:19. Pursuant to Judge Davis' discovery orders, discovery closed on May 19, 2023—with the exception of certain names and documents that were to be produced by May 30, 2023. Dkt. 148. Despite clearly believing that Defendants' productions were unsatisfactory by June 16, 2023, when Plaintiffs filed the Opposed Extension Motion, Plaintiffs waited three more weeks to file the Motion to Compel. *Comp.* Dkt. 150 (filed June 16, 2023) *with* Dkt. 172 (filed July 7, 2023). This delay renders Plaintiffs' Motion to Compel untimely, as district court judges within this District and within this Circuit routinely "deny belated motions to compel filed close to, or after, the close of discovery." *Flame S.A. v. Industrial Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 12547260, at *2 (E.D. Va. July 31, 2014).

At the hearing in this matter, Judge Davis raised this precise issue with Plaintiffs' counsel . . . and counsel's explanations were unsatisfactory. First, counsel speculated as to when Judge Davis would have wanted counsel to file their motion.[3] Second, counsel indicated that he, without authorization from the Court, agreed to permit Defendants to produce additional discovery *after* the close of discovery. Dkt. 183 at 15:23-16:9. Because Plaintiffs filed the Motion to Compel weeks after the close of discovery, Plaintiffs' Objections will be overruled.

B. The Order Did Not Fail to Rule on the Issues Raised in the Objections

Plaintiffs first argue that Judge Davis' Order is clearly erroneous in failing to rule on two issues: (i) whether VWGoA was required to produce TPIs, their related family documents, and

---

[3] Counsel stated: "Your Honor, you would not have ordered us to file this motion." Dkt. 183 at 15:6-7. Judge Davis appropriately responded: "How do you know what the Court want[s]? When you start getting into trying to speculate about what the Court wants, that gets extremely close, if not into the realm of lack of due diligence on behalf of counsel." *Id.* at 8-11.

7

custodial documents from Dingeldey and Gumbinger; and (ii) whether Audi was required to produce TPIs, their related family documents, and custodial documents from 32 identified custodians. Dkt. 191 at 7-8. Plaintiffs' argument is disingenuous. The Order states that the motion to compel is granted in part and denied in part and then goes on to list the specific circumstances in which the motion was granted. Dkt. 182. It is obvious that, if the motion was not specifically granted with respect to a category of documents, then that request fell into the "denied in part" portion of the Order. Indeed, at the hearing, Judge Davis informed the parties that the Order would simply state "granted in part and denied in part." Dkt. 183 at 31. Moreover, to avoid any confusion about the meaning of his Order, Judge Davis repeatedly asked the parties whether there was any issue that remained outstanding or any clarification that the parties required regarding his disposition of the motions.[4] Thus, Plaintiffs' assertion that Judge Davis failed to rule on the issue is clearly inaccurate and not a basis on which to alter Judge Davis' decision.

Additionally, during the hearing, Judge Davis specifically addressed the arguments regarding the TPI and related documents. Defendants have represented that their productions are complete and that they have produced all TPI and related documents. *See* Dkt. 178 ("Plaintiffs' counsel were advised that all relevant versions of the TPI in existence have been produced, along with any family documents associated therewith."). As Judge Davis indicated, defense counsel has made representations as an officer of the Court, and, to compel the production of more,

---

[4] Plaintiffs' counsel, when asked "anything further concerning the motion to compel," responded: "No, Your Honor." Dkt. 183 at 31:11-13. Judge Davis then asked, "Any clarifications needed concerning the Court's rulings on the motion to compel" and received no response. *Id.* at 31:14-16. Later defense counsel did request clarification and after a discussion, Judge Davis again asked: "Anything further concerning the motion to compel" and "Any further requests concerning the motion for extension or argument on that or request for clarification." *Id.* at 36:3-7. Again, Plaintiffs did not raise the issues that they now raise in their Objections. Finally, before ending the hearing, Judge Davis asked a third time: "Any further clarification about either motion" and he received no response. *Id.* at 38:5-7.

8

Plaintiffs must demonstrate "that you have information in your possession that says, his representations are inaccurate." Dkt. 183 at 16:20-24. Judge Davis found the arguments made by Plaintiffs on this point unpersuasive. *Id.* at 17:1-5. Again, at the hearing, defense counsel indicated that their production was complete, and Judge Davis asked Plaintiffs: "Counsel, based on those representations, is there anything further you would like to add regarding the motion to compel?" *Id.* at 29:14-20. Rather than take that opportunity to make any arguments regarding the TPIs, Plaintiffs made an argument about Audi Hungary and then stated that they had no further argument regarding the motion to compel. *Id.* at 29:21-31:13. Thus, at the hearing, Plaintiffs' counsel made no argument that Judge Davis had failed to rule on any portion of the Motion to Compel. Indeed, with respect to this issue, Judge Davis correctly held that the Court cannot compel Defendants to produce documents that do not exist.[5]

In sum, Plaintiffs have failed to demonstrate that Judge Davis failed to rule on the issues with respect to the TPIs or that Judge Davis' ruling was clearly erroneous or contrary to law. Because Judge Davis did not fail to rule on the TPI issues—which is the only legal basis for Plaintiffs' Objections to the Motion to Compel—the Objections will be overruled.

## C. There Is No Scheme to Aid Defendants

The *only* other argument made by Plaintiffs in their Objections regarding the Motion to Compel is the serious accusation that: "Audi AG's production of hundreds of documents after the close of discovery constitutes a scheme that is designed to shield Audi AG and deny Plaintiffs'

---

[5] *See, e.g., Corcept Therapeutics, Inc. v. Elliott*, 2022 WL 17338515, at *5 (S.D. Ohio Nov. 30, 2022) ("Respondent cannot be compelled to produce documents or other evidence that does not exist."); *Boyd v. Etchebehere*, 2016 WL 829167, at *4 (E.D. Cal. Mar. 3, 2016) ("Absent evidence to the contrary, not present here, Plaintiff is required to accept defense counsel's representation that such documentation either does not exist or cannot be located, and Defendant cannot be compelled to provide copies of documents that do not exist.").

9

fundamental rights under the Federal Rules of Civil Procedure. Unwittingly, this Court is aiding Audi AG's efforts to undermine the discovery process." Dkt. 191 at 8.

To begin with, it is difficult to determine how either Judge Davis or this Court has aided a scheme of discovery violations when, only months ago, Plaintiffs were asserting that "[a]ll Parties have diligently proceeded with discovery," Dkt. 126, and that the parties "have cooperated with one another," Dkt. 127. Moreover, Judge Davis' May 2023 Order clearly required Defendants to produce certain documents by May 30, 2023. Dkt. 148. It was then *Plaintiffs' counsel* who authorized the disclosure of documents on a rolling production schedule outside of that time period. *See* Dkt. 183 at 15:23-16:4 ("The Court: This Court ordered them to respond by a particular date. You authorized that more time, correct? Mr. Dean: Yes, sir. The Court: "Which technically speaking, you do not have the authority to do. . . ."). Plaintiffs then delayed over a month from that apparently unsatisfactory production to file their Motion to Compel and failed to seek clarification or further argument regarding the Motion to Compel at the July 21, 2023 hearing. Thus, the delay in Plaintiffs' receipt of the documents is due, at least in part, to the actions of Plaintiffs' counsel and is not based on any purported failure of Judge Davis or the Court to act.

In their Reply brief, Plaintiffs—for the first time—make additional arguments (not presented to Judge Davis) in support of a purported scheme by Defendants to delay discovery. For example, in their Reply, Plaintiffs argue that Defendants attempted to avoid their discovery obligations by improperly objecting to the relevant time period, as defined by Plaintiffs in their discovery requests, and by failing to produce documents within Plaintiffs' defined relevant time period. Dkt. 229 at 3 & n. 5. But Plaintiffs never informed Judge Davis that they believed that Defendants were improperly limiting the relevant time period for productions. Indeed, in Plaintiffs' original motion to compel filed in April 2023 (before the close of discovery), Plaintiffs

10

did not argue that any of Defendants' objections were improper. It was only after the close of discovery that Plaintiffs objected to Defendants' objections and, even then, Plaintiffs only made a vague reference to "boilerplate objections." Dkt. 173 at 19-20. Plaintiffs never identified the relevant time period as one of the objections that they viewed as boilerplate. *Id.* Indeed, parties can properly and successfully object to the relevant time period for discovery. *See, e.g.*, *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, No. CV 13-1686, 2015 WL 12778845, at *3 (D. Minn. June 12, 2015) (sustaining in part an objection to the relevant time period by defendants). Thus, Plaintiffs now rely on—as part of Defendants' alleged scheme—issues that Plaintiffs never raised before their Reply brief in support of their Objections to Judge Davis' July Order. Again, it is Plaintiffs' failure to bring matters to Judge Davis' or this Court's attention in a timely manner that has resulted in those issues not being addressed.

It appears that Plaintiffs are the ones engaged in discovery games. Plaintiffs represented that the parties were cooperatively engaged in discovery until Judge Davis found that there was no good cause for further extensions of the discovery deadline. Dkt. 127. Only then did Plaintiffs pursue motions to compel and, even so, Plaintiffs waited until after the close of discovery to raise objections to Defendants' discovery responses that were apparently made in 2022. *Compare* Dkt. 229-12 (June 2022 discovery responses containing purported boilerplate objections) *with* Dkt. 173 (July 7, 2023 motion to compel seeking to strike "boilerplate objections" for the first time) *and* Dkt. 229 (August 24, 2023 reply arguing for the first time that objections to the relevant time period constitute boilerplate objections). Thus, there is no basis to find that Defendants have engaged in a scheme to violate their discovery obligations. Accordingly, the Objections will also be overruled on this ground.

### D. There Is No Basis to Extend Discovery

In their Objections, Plaintiffs' sole argument in support of extending discovery is that many individuals identified in documents produced after the close of discovery are German nationals living in Germany and that Plaintiffs would need to secure their depositions under the Hague Convention. Dkt. 191. Plaintiffs therefore argue that Judge Davis' Order, "which require[d] all depositions to be completed within fourteen days, effectively denies Plaintiff's right to conduct meaningful and necessary discovery." *Id.* Plaintiffs' vague and conclusory arguments—without citation to any case, rule, or statute—fail and Plaintiffs' Objections will be overruled in this regard as well.

To begin with, Plaintiff's Opposed Extension Motion does not mention the need to conduct additional depositions. Dkt. 157. At the time that Plaintiffs filed their Opposed Extension Motion, Defendants had already made their June productions—after the close of discovery—and, yet, Plaintiffs' Opposed Extension Motion does not discuss the need for additional depositions or the need to conduct any depositions in Germany. *Id.* Similarly, the later filed Motion to Compel cites the need for additional Rule 30(b)(6) depositions, which Judge Davis permitted, but does not discuss the need for other additional depositions or for proceedings pursuant to the Hague Convention. Dkt. 173 at 16-18. Significantly, the proposed order submitted with the Motion to Compel only refers to depositions when it seeks to compel Audi to designate an individual or individuals to submit to an unfettered Rule 30(b)(6) deposition and when it seeks an extension of the discovery schedule to conduct those depositions. Dkt. 172-1. Thus, Plaintiffs' briefs on both motions failed to notify Judge Davis that Plaintiffs were seeking an extension of discovery based

on the need for additional depositions in Germany.[6]

Moreover, Plaintiffs' Objections and other briefing are completely devoid of the information necessary to determine whether depositions of these unidentified persons is reasonable, feasible, or proportional to the needs of the case. That, alone, is a basis on which to overrule Plaintiffs' Objections. *See, e.g., Espinoza v. South Beach Assocs., LLC*, No. 20-cv-22873, 2020 WL 8739939, at *2 (S.D. Fla. Oct. 27, 2020) (denying a motion to compel where "Plaintiff has not presented good cause for extending the discovery period" because "Plaintiff noticeably fails to explain what information he seeks or how these witnesses are material"). Importantly, Judge Davis has already granted several extensions of the discovery deadlines in this case, including in the Order that Plaintiffs challenge. Dkts. 92, 120, 148, 182. Moreover, Plaintiffs' Opposed Extension Motion and Objections make clear that Plaintiffs were not seeking a limited extension of discovery solely with respect to certain specified depositions; rather, Plaintiffs were seeking a wholesale reopening of discovery for another three months. Dkts. 157, 191. This is inappropriate. Plaintiffs' Reply brief, for the first time, identifies some of the custodians that Plaintiffs presumably wish to depose and argues that, although some of these persons were identified earlier in the litigation, Plaintiffs did not realize their significance. Dkt. 229 at 3-4. It is for the parties to make their own independent judgments about the significance of information and how best to utilize it. Plaintiffs' failure to recognize the importance of certain witnesses until their Reply brief in support of Objections to a magistrate judge order does not present a compelling sense of urgency to extend discovery to depose those witnesses.

---

[6] At the hearing on the Motion to Compel and Opposed Extension Motion, it was *Defendants* who raised the issue of Plaintiffs' desire for depositions of nonexecutive, German citizens—not Plaintiffs. Dkt. 183 at 35-36. Plaintiffs never made an argument about who they wanted to depose or why those depositions were necessary.

13

Finally, Plaintiffs argue that the ninety-day extension of time was necessary to obtain the testimony of these witnesses in Germany pursuant to the Hague Convention. But again, Plaintiffs fail to provide any information suggesting that this schedule is feasible or reasonable. Plaintiffs provide no information about how long the process to obtain authorization to depose German citizens actually takes. It is also unclear how many German witnesses Plaintiffs wish to depose. Plaintiffs' Reply mentions Simon Schmitt, Herbert Gogl, Martin Schmidmeyer as among those German witnesses whom Plaintiffs wish to depose, along with "other individuals." Dkt. 229 at 3. Those individuals are all included among the list of 32 individuals from which the Plaintiffs sought documents—but not depositions—in their Motion to Compel. Dkt. 173. If Plaintiffs are seeking to depose 32 additional witnesses in Germany, that would constitute an extraordinary extension of discovery where Plaintiffs have not identified why each after-the-close of discovery deposition of each of those individuals is necessary. Moreover, it seems unlikely that such a deposition schedule could be accomplished in ninety-days, especially if the parties are required to utilize the Hague Convention. Indeed, the Supreme Court has recognized that, although "the optional [Hague] Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized by the Convention," "[i]n many situations, the Letter of Request procedure authorized by the Convention would be unduly time consuming and expensive." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Information provided by the U.S. Embassy and Consulates in Germany, establishes that the timeframe suggested by Plaintiffs, if they were to succeed on their Opposed Extension Motion, is unrealistic and that the parties would simply return to the Court for another extension of discovery.[7]

---

[7] All depositions in Germany must take place at the U.S. Consulate General in Frankfurt and require that the German Ministry of Justice pre-approves all requests for depositions. *See Judicial Assistance*, U.S. Embassy & Consulates in Germany, https://de.usembassy.gov/judicial-

These extensions would all be for discovery for which the value is unclear and for which the failure to pursue discovery within the deadlines is unexplained.

In sum, Plaintiffs' Objections to Judge Davis' Order with respect to the limited extension of time that he granted will be overruled because: (i) Plaintiffs failed to raise the issue of foreign depositions in their briefing before Judge Davis; and (ii) Plaintiffs fail to explain why any of these unidentified foreign depositions are reasonable, feasible, and proportional to the needs of the case.

* * *

Judge Davis' Order is not clearly erroneous or contrary to law. Plaintiffs unduly delayed the filing of their Motion to Compel until at least three weeks after they filed the Opposed Extension Motion and at least five weeks after the close of discovery. Moreover, Plaintiffs failed to bring many of the issues on which they now focus to Judge Davis' attention. Judge Davis cannot be faulted for failing to grant Plaintiffs relief that they did not actually seek and, as Judge Davis correctly noted, Defendants cannot be compelled to produce documents that do not exist. Similarly, there is no basis on which to extend the discovery period by three months for Plaintiffs to pursue depositions of unidentified German nationals, especially where Plaintiffs have not explained how such individuals will be deposed within the three-month timeframe or why such depositions are necessary and proportional to the needs of the case. Accordingly, Plaintiffs' Objections will be overruled.

---

assistance/?_ga=2.24605945.235888954.1695663582-280496238.1695663582 (last visited September 25, 2023); *Depositions*, Consulate General of the United States in Frankfurt, German, https://uploads.mwp.mprod.getusinfo.com/uploads/sites/19/2021/12/Deposition-Instructions_022719.pdf (last visited September 25, 2023).

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Objections to Judge Davis' Order (Dkt. 191) are OVERRULED; and it is

FURTHER ORDERED that Plaintiffs' Motion for Electronic Device Applications (Dkt. 222) is DENIED as MOOT.

The Clerk is directed to forward this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
November 2, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge